IN THE COURT OF COMMON PLEAS FOR FRANKLIN COUNTY, OHIO
GENERAL DIVISION

| | |
|---|---|
| **NICOLE ANSLEY**<br>460 Mill Wood Blvd.<br>Marysville, OH 43040<br><br>**PLAINTIFF**,<br><br>v.<br><br>**QUANTUM 3 MEDIA, LLC**<br>c/o Registered Agent Joshua Jagid<br>650 From Road<br>Paramaus, NJ 07652<br><br>**DEFENDANT**. | **Complaint**<br><br>**Jury Demand Endorsed Herein** |

## COMPLAINT

NICOLE ANSLEY ("Plaintiff"), through attorneys, WILLIS SPANGLER STARLING, LTD., alleges the following against Quantum 3 Media, LLC ("Defendant").

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection.

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Plaintiff's Complaint alleges that Defendant negligently, knowingly and/or willfully violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

4. Defendant conducts business in Ohio, therefore personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

1

## PARTIES

6. Plaintiff is a natural person residing in Marysville, Union County, Ohio.

7. Defendant is a business entity with an office at 720 E. Palisade Ave., Englewood Cliffs, NJ 07632

8. Defendant is a business entity with an office at 720 E. Palisade Ave, Englewood Cliffs, NJ 07632.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Prior to filing this action, Defendant has been placing telephone calls ("solicitation calls") to Plaintiff purchase a medicare plan.

11. Defendant has been assigned multiple phone numbers from its telephone service provider which it uses to place its collection calls including, but not limited to, 740-741-7906.

12. Defendant places telephone calls to Plaintiff's cellular telephone at 419-202-42XX

13. Per its prior business practices, Defendant's calls were placed with an automated dialing system ("auto-dialer").

14. Specifically, Defendant called Plaintiff as follows:

   1) July 16, 2021: one (1) call at 4:32 p.m.;

   2) August 20, 2021: one (1) call at 2:34 p.m.;

   3) August 23, 2021: two (2) calls at 2:38 p.m. and 4:39 p.m.;

   4) August 26, 2021: two (2) calls at 12:41 p.m.;

   5) August 27, 2021: one (1) call at 2:58 p.m.;

   6) August 30, 2021: one (1) call at 11:57 a.m.;

   7) August 31, 2021: two (2) calls at 4:47 p.m. and 4:50 p.m.;

    8) September 1, 2021: six (6) calls at 11:25 a.m., 12:50 p.m., 1:23 p.m., 3:24 p.m., 5:25 p.m., and 7:16 p.m.;

    9) September 3, 2021: two (2) calls at 1:09 p.m. and 2:44 p.m.;

    10) September 8, 2021: two (2) calls at 11:50 a.m. and 4:25 p.m.;

    11) September 13, 2021: one (1) call at 10:37 a.m.;

    12) September 14, 2021: two (2) calls at 10:21 a.m. and 4:25 p.m.;

    13) September 15, 2021: one (1) call at 4:30 p.m.;

    14) September 17, 2021: one (1) call at 3:40 p.m.;

    15) September 27, 2021: one (1) call at 12:13 p.m.;

    16) September 28, 2021: three (3) calls at 1:04 p.m., 1:49 p.m., and 5:36 p.m.;

    17) September 29, 2021: two (2) calls at 2:00 p.m. and 5:45 p.m.;

    18) September 30, 2021: one (1) call at 11:28 a.m.;

    19) October 1, 2021: two (2) calls at 10:30 am and 5:10 p.m.;

    20) October 4, 2021: four (4) calls at 1:24 p.m., 3:19 p.m., 4:26 p.m., and 5:30 p.m.;

    21) October 5, 2021: two (2) calls at 10:12 a.m. and 3:47 p.m.;

    22) October 6, 2021: one (1) call at 1:03 p.m.

15. Plaintiff spoke to a representative of Plaintiff on the following dates August 20, 2021, August 23, 2021, August, 26, 2021, August 27, 2021, September 1, 2021 and September 8, 2021. During the course of every conversation requested Defendant to stop calling her.

16. Throughout the course of the conversations described in paragraph 6 Plaintiff revoked any consent, explicit, implied or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system.

17. Despite Plaintiff's request that Defendant stop calling her, Defendant placed at least twenty (20) automated solicitation calls to Plaintiff.

18. Specifically Defendant called Plaintiff as follows:

   1) August 23, 2021: two (2) calls at 2:38 p.m. and 4:39 p.m.;
   2) August 26, 2021: two (2) calls at 12:41 p.m.;
   3) August 27, 2021: one (1) call at 2:58 p.m.;
   4) August 30, 2021: one (1) call at 11:57 a.m.;
   5) August 31, 2021: two (2) calls at 4:47 p.m. and 4:50 p.m.;
   6) September 1, 2021: six (6) calls at 11:25 a.m., 12:50 p.m., 1:23 p.m., 3:24 p.m., 5:25 p.m., and 7:16 p.m.;
   7) September 3, 2021: two (2) calls at 1:09 p.m. and 2:44 p.m.;
   8) September 8, 2021: two (2) calls at 11:50 a.m. and 4:25 p.m.;
   9) September 13, 2021: one (1) call at 10:37 a.m.;
   10) September 14, 2021: two (2) calls at 10:21 a.m. and 4:25 p.m.;
   11) September 15, 2021: one (1) call at 4:30 p.m.;
   12) September 17, 2021: one (1) call at 3:40 p.m.;
   13) September 27, 2021: one (1) call at 12:13 p.m.;
   14) September 28, 2021: three (3) calls at 1:04 p.m., 1:49 p.m., and 5:36 p.m.;
   15) September 29, 2021: two (2) calls at 2:00 p.m. and 5:45 p.m.;
   16) September 30, 2021: one (1) call at 11:28 a.m.;
   17) October 1, 2021: two (2) calls at 10:30 am and 5:10 p.m.;
   18) October 4, 2021: four (4) calls at 1:24 p.m., 3:19 p.m., 4:26 p.m., and 5:30 p.m.;
   19) October 5, 2021: two (2) calls at 10:12 a.m. and 3:47 p.m.;
   20) October 6, 2021: one (1) call at 1:03 p.m.

**COUNT I**
**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

19. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

20. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227 (b)(3)(C).

Wherefore, Plaintiff respectfully request judgment be entered against Defendant, Quantum 3 LLC for the following:

21. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

22. Statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to Plaintiff was at all relevant times an "employee" within the meaning of 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227 (b)(3)(C);

23. All court costs, witness fees and other fees incurred; and

24. Any other relief that this Honorable Court deems appropriate.

Date:   October 22, 2021

                                            Respectfully submitted,

                                            By:  /s/ Herbert N. Strayer, Jr.
                                            Herbert N. Strayer, Jr. (Ohio Bar No. 0075854)
                                            WILLIS SPANGLER STARLING
                                            4635 Trueman Boulevard, Suite 100
                                            Hilliard, Ohio 43026
                                            Telephone: (614) 586-7915
                                            Facsimile: (614) 586-7901
                                            hstrayer@willisattorneys.com
                                            *Attorney for Plaintiff*

## **JURY DEMAND**

The Plaintiff, through counsel, hereby requests a trial by jury on all triable issues, pursuant to Fed. R. Civ. P. 38(b).

Respectfully submitted,

/s/  Herbert N. Strayer, Jr.
Herbert N. Strayer, Jr. 0075854
Counsel for Nicole Ansley

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and accurate copy of the foregoing was served this 22nd day of October , 2021 addressed to the following:

Quantum 3 Media, LLC
c/o Registered Agent Joshua Jagid
650 From Road
Paramaus, NJ 07652

    Respectfully submitted,

    /s/ Herbert N. Strayer, Jr.
    Herbert N. Strayer, Jr. 0075854
    Counsel for Nicole Ansley